COVENANT. **Logan, &c. Turnpike Road Company** *vs*
**Pettit.**

*Case* 135.　　　　ERROR TO THE CALDWELL CIRCUIT.

*Pleading.　Consideration.*

*May* 31.　　JUDGE EWING delivered the Opinion of the Court.

The case stated.　　THIS was an action of covenant brought on a paper signed by Pettit, for stock to construct a turnpike road from Russellville to the Cumberland river. The covenant binds the subscribers "to pay fifty dollars for each share set opposite to each of their respective names, in such manner and proportions and at such times as shall be required by the President and managers of the said company, and agreeably to an act of the General Assembly of Kentucky incorporating said company, approved, 16th Feb. 1838." The defendant pleaded, in substance, that it was agreed between him and the plaintiffs that the road should be made on the bed or rout of the old road, and be run by the house of the defendant, and that if it were not so run, he was not to pay for the shares subscribed by him, and avers that it was not so run, and that the location of the same as aforesaid, near the house of the defendant, was the only consideration of his subscription. To this plea there was a demurrer which was overruled by the Court, and a judgment rendered against the plaintiffs, who have appealed to this Court.

In covenant, it is not competent for defendant, without any allegation of *fraud* or *mistake*, to aver a different consideration for the covenant than that set forth on its face.

　　The face of the covenant and law to which it makes reference, shows the terms and true consideration upon which the covenant was made, namely, the erection of the road as prescribed by the charter, or the undertaking to do so. And Pettit having signed the subscription list without *condition* or *restriction*, or a *variation* of *those terms*, must abide by them and be presumed to have undertaken to pay upon the *consideration* implied in the covenant and the law. To allow him to aver another and different consideration, would be to allow him to interpolate and prove by parol, other *terms* and *conditions* than those expressed or necessarily implied, and that without

the averment of *fraud* or even of *mistake,* if the latter could be taken advantage of at law. The plea was, therefore, bad, and the demurrer to it should have been sustained. .

Judgment reversed and cause remanded, that the demurrer may be sustained.

*Morehead & Reed* for plaintiffs; *Owsley & Goodloe* for defendant.